Michael Ryan Jones
JONES INTELLECTUAL PROPERTY
44 Court St #1217
Brooklyn, NY 11201
Telephone: (845) 206-9591

*Attorney for Plaintiff Tara Mapes*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARA MAPES,<br><br>             Plaintiff,<br><br>   v.<br><br>CRITEO S.A. and CRITEO CORP.,<br><br>             Defendants. | Case No.: _____<br><br><br>**COMPLAINT** |

Plaintiff Tara Mapes ("Plaintiff", "Tara Mapes", or "Mapes"), complaining of Defendants Criteo S.A. and Criteo Corp. (collectively, "Defendants" or "Criteo"), alleges and says as follows:

## PARTIES

1.      Plaintiff is an individual and professional photographer and visual artist who creates, publishes, licenses, and commercially exploits original photographic works and related visual content. Plaintiff is the sole author and copyright owner of the copyrighted photographic works at issue in this action. Plaintiff's original photographic works are customarily published and licensed with identifying authorship and copyright attribution.

2.      Plaintiff's photographic works are distributed and displayed through Plaintiff's professional website and other authorized channels and are protected under the Copyright Act, 17 U.S.C. § 101 et seq.

3.      Plaintiff has obtained federal copyright registrations for the photographic works at issue from the United States Copyright Office, including registrations that predate the infringing acts alleged herein.

4.      Defendant Criteo S.A. is a foreign corporation organized under the laws of France, with its principal place of business at 32 Rue Blanche, 75009 Paris, France.

5.      Defendant Criteo Corp. is a Delaware corporation with its principal place of business at 387 Park Avenue South, 12th Floor, New York, New York 10016.

6.      At all relevant times, Criteo S.A. and Criteo Corp. operated as an integrated enterprise with respect to the advertising services and conduct alleged herein.

7.      Upon information and belief, Criteo operates a large-scale digital advertising and retargeting platform that ingests, stores, serves, and dynamically delivers advertising creatives

across a wide network of third-party publisher websites, including websites accessible within this District.

8.    Upon information and belief, Criteo operates and controls an online ad-serving infrastructure through which third-party advertisers place, manage, and disseminate advertising campaigns, including campaigns that incorporate visual content supplied by advertisers and merchants.

9.    Upon information and belief, Criteo derives revenue from the delivery, display, and monetization of advertisements, including through impressions, clicks, and conversions generated by advertising creatives served through its platform.

10.    At all relevant times, Criteo acted directly and through contractual relationships with advertisers, merchants, and other third parties in connection with the conduct alleged herein, including by hosting, serving, distributing, and monetizing advertising creatives incorporating visual content.

## JURISDICTION AND VENUE

11.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

12.    This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. § 1125(a).

13.    This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

14.    This Court has personal jurisdiction over Defendants Criteo Corp. because, upon information and belief, Criteo Corp. purposefully avails itself of the privilege of conducting

business in this District by operating, marketing, and monetizing a digital advertising platform that dynamically serves advertising creatives to users located within this District; by deriving substantial revenue from advertising impressions, clicks, and conversions generated within this District; and by regularly conducting and soliciting business within this District.

15.    This Court also has personal jurisdiction over Defendants **Criteo S.A.** because, upon information and belief, Criteo S.A. directly or through its wholly owned subsidiary Criteo Corp. purposefully directs advertising services into this District, exercises control over the policies, systems, and advertising infrastructure through which infringing advertisements are served, and derives substantial revenue from advertising activity occurring within this District.

16.    Upon information and belief, Defendants jointly operate an integrated, global advertising platform pursuant to common ownership, shared infrastructure, unified advertising systems, and coordinated decision-making with respect to advertiser onboarding, campaign delivery, creative storage, monetization, and enforcement policies, such that the contacts of Criteo Corp. are properly imputed to Criteo S.A. for purposes of personal jurisdiction.

17.    Defendants' contacts with this District give rise directly to Plaintiff's claims because the infringing advertisements at issue were served, displayed, and monetized within this District through Defendants' advertising systems, causing harm to Plaintiff in this District and elsewhere.

18.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including the delivery, display, and monetization of infringing advertising creatives to users located in this District through Defendants' advertising platform.

19.    Venue is also proper pursuant to 28 U.S.C. § 1391(c)(2) and (3) because Defendants are subject to personal jurisdiction in this District with respect to this action, and because Defendants Criteo S.A., as a foreign Defendants, may be sued in any judicial district in which it is subject to personal jurisdiction.

20.    Venue is further proper pursuant to 28 U.S.C. § 1400(a) because Defendants reside in this District for purposes of copyright venue and committed acts of copyright infringement in this District by reproducing, distributing, and publicly displaying Plaintiff's copyrighted works through advertisements served to users located within this District.

21.    Venue in this District is convenient and appropriate because Defendants' infringing conduct was nationwide in scope, the infringing advertisements were accessible and served in this District, relevant witnesses and evidence are located within or readily accessible to this District, and the interests of justice favor adjudication of Plaintiff's claims in this forum.

## STATEMENT OF FACTS

22.    Plaintiff is the sole author and owner of eight registered groups of photographic works, each registration covering multiple distinct images (collectively, the "Registered Works"):

- VA0002449231 (Titled: *Iris Bliss*)

- VA0002459794 (Titled: *Gingerbread Kids*)

- VA0002464858 (Titled: *Harper Anna Hot Pink Dress*)

- VA0002464855 (Titled: *Harper Mint Anna Gown*)

- VA0002464859 (Titled: *Harper Red Dress*)

- VA0002463402 (Titled: *Harper Spring Dress*)

- VA0002464852 (*Libby Rapunzel*)

- VA0002464857 (*Libby Short Red Dress*)

23.    Each registration remains in full force and effect.

24.    Upon information and belief, Criteo served, delivered, distributed, and publicly displayed advertisements and advertising creatives incorporating the "Registered Works" through Criteo's digital advertising, ad-serving, and retargeting platform without Plaintiff's authorization.

25.    Upon information and belief, those advertisements incorporated the "Registered Works" in connection with the promotion and sale of counterfeit or infringing goods offered by third-party merchants, including goods offered for sale through AliExpress and affiliated sellers.

26.    Beginning in or about May 2025, Plaintiff discovered that Plaintiff's copyrighted works were appearing in advertisements served and delivered through Criteo's advertising platform without Plaintiff's permission.

27.    Plaintiff has identified and preserved specific instances in which advertisements served through Criteo's advertising platform displayed Plaintiff's images, including screenshots and associated advertising records reflecting the appearance of infringing creatives on third-party publisher webpages, redirection to AliExpress product pages, and the reappearance of the same image-based creatives after notice.

28.    Upon information and belief, the infringing advertisements were disseminated through advertiser accounts and campaigns permitted to operate within Criteo's systems, including campaigns promoting AliExpress and affiliated sellers.

29.    Upon information and belief, the infringing advertisements originated from AliExpress and/or affiliated advertisers or sellers operating under a common commercial umbrella, as reflected in the repeated appearance of Plaintiff's works in advertisements promoting AliExpress-branded goods and redirecting to AliExpress product pages.

30.    Upon information and belief, Criteo served advertisements incorporating multiple distinct copyrighted works owned by Plaintiff that were associated with the same advertiser or affiliated advertisers, reflecting a repeated and continuing pattern of infringement observable from Criteo's advertising delivery and campaign infrastructure.

31.    Upon information and belief, as of the time Plaintiff began providing infringement notices, Criteo did not maintain a publicly accessible Digital Millennium Copyright Act ("DMCA") designated agent in the Copyright Office's DMCA designated agent directory, and did not otherwise provide reasonably accessible designated-agent information to copyright owners, as required by 17 U.S.C. § 512(c)(2).

32.    Upon information and belief, Criteo likewise did not publish a clear or compliant copyright takedown policy or instructions on its public-facing websites identifying a designated agent, email address, or webform for the submission of DMCA notices, thereby depriving copyright owners of a reasonably accessible mechanism for providing infringement notifications.

33.    As a result of Criteo's failure to provide a designated agent or compliant takedown mechanism, Plaintiff submitted DMCA notices to email addresses and channels made available by Criteo for legal, compliance, or data-protection communications, including addresses that Criteo held out as appropriate for receiving notices concerning unlawful or infringing activity.

34.    Each such notice substantially complied with 17 U.S.C. § 512(c)(3), identified Plaintiff as the copyright owner, identified the copyrighted works at issue (including registered images within the Registered Works), identified representative infringing advertisements and associated advertiser/merchant information, and provided information reasonably sufficient to permit Criteo to locate, evaluate, and remove or disable access to the infringing material.

35.     Criteo received, acknowledged, and acted upon at least some of Plaintiff's notices, including by responding to those notices and disabling individual links, placements, or publisher-page instances, thereby confirming that Plaintiff's notices were received, understood, and treated by Criteo as actionable infringement notices.

36.     Plaintiff provided Criteo with multiple written notices identifying the unauthorized use of registered images within the Registered Works in advertisements served through Criteo's advertising platform, including DMCA notices identifying specific works, examples of infringing advertisements, and associated advertiser/merchant information.

37.     Upon information and belief, Criteo received notices identifying the unauthorized use of each of the Registered Works which included notices identifying the collective association of those works with the same advertiser or affiliated advertisers.

38.     Upon information and belief, Criteo received notices identifying AliExpress and affiliated Alibaba entities as the advertiser and commercial ecosystem responsible for the unauthorized use of each of the Registered Works.

39.     Upon information and belief, Criteo received multiple infringement notices identifying the unauthorized use of the Registered Works in advertisements served through Criteo's advertising platform.

40.     Upon information and belief, those notices identified unauthorized use of different works from multiple registered groups at separate times, as infringing advertisements continued to appear, demonstrating a sustained and repeated course of infringing conduct rather than isolated incidents.

41.     Upon information and belief, the notices further identified that the infringing advertisements associated with the Registered Works originated from the same advertiser or

affiliated advertisers operating under a common commercial umbrella, including campaigns directing users to AliExpress product pages, within Criteo's advertising platform.

42.    Upon information and belief, the unauthorized use of the Registered Works was repeatedly escalated to Criteo, including through counsel, by written communications identifying continued infringement, repeat infringer concerns, and the need for corrective action beyond disabling individual URLs or placements.

43.    Upon information and belief, despite receiving repeated notices and escalated communications over an extended period of time, Criteo continued to serve, display, and distribute advertisements incorporating the Registered Works through its advertising platform.

44.    Upon information and belief, Defendants knew or consciously avoided knowing that the advertiser or affiliated advertisers responsible for the infringing advertisements were repeat infringers of the Registered Works.

45.    Upon information and belief, after prior advertisements incorporating the Registered Works had been identified as infringing, the advertiser or affiliated advertisers responsible for the infringing advertisements continued, through Defendants' advertising platform, to submit, deploy, and run advertising creatives incorporating the same Registered Works, demonstrating a repeated and continuing course of infringement.

46.    Upon information and belief, in response to certain notices, Criteo disabled or deactivated only specific URLs, placements, or publisher-page instances associated with advertisements incorporating the Registered Works.

47.    Upon information and belief, disabling or deactivating individual URLs or placements did not remove, disable, or otherwise restrict the underlying advertising creatives incorporating the Registered Works.

48.    Upon information and belief, Criteo did not remove, disable, or otherwise restrict the advertising creatives incorporating the Registered Works, which continued to be shown in connection with advertisements served and displayed through Criteo's advertising platform.

49.    Upon information and belief, the advertising creatives incorporating the Registered Works continued to be served and displayed through Criteo's advertising platform after the disabling of individual URLs or placements.

50.    Upon information and belief, the advertising creatives incorporating the Registered Works are stored by Criteo.

51.    Upon information and belief, the advertising creatives incorporating the Registered Works are under Criteo's custody or control.

52.    Upon information and belief, Criteo maintains systems for ingesting, storing, managing, and delivering advertising creatives and retains the technical ability to prevent the reuse, redeployment, and redistribution of advertising creatives incorporating the Registered Works across multiple campaigns and publisher websites, including by disabling creative assets, suspending advertiser accounts, and implementing filtering or blocking measures at the creative and account level.

53.    Upon information and belief, Criteo did not restrict the ability of the advertiser or affiliated advertisers responsible for the repeated infringement to continue accessing and using Criteo's advertising platform.

54.    Upon information and belief, Criteo did not remove, block, ban, or otherwise disable the advertiser or affiliated advertisers responsible for the repeated unauthorized use of the Registered Works.

55.    Upon information and belief, Criteo's failure to restrict or disable that advertiser's access enabled the continued creation, submission, and dissemination of advertisements incorporating the Registered Works, which infringement continued through the filing of this Complaint.

56.    Upon information and belief, advertisements incorporating the Registered Works continued to be served and displayed through Criteo's advertising platform as a result of this conduct, including at and through the time of the filing of this Complaint.

57.    Upon information and belief, Criteo has restricted the display of advertisements incorporating the Registered Works such that those advertisements are not displayed to Plaintiff, while remaining visible and publicly accessible to users and accounts not associated with Plaintiff.

58.    At all relevant times, Plaintiff conveyed copyright management information ("CMI") in connection with Plaintiff's copyrighted photographic works, including Plaintiff's name as author, copyright ownership information, and source attribution identifying Plaintiff as the creator of the works.

59.    Such CMI was conveyed in connection with the authorized publication and display of Plaintiff's images, including through visible attribution and identifying information accompanying the works, within the meaning of 17 U.S.C. § 1202(c).

60.    Upon information and belief, Defendants, without Plaintiff's authorization, intentionally removed and/or altered Plaintiff's CMI by distributing advertisements and promotional content incorporating Plaintiff's photographs in a manner that omitted the identifying authorship and copyright information originally conveyed with the works.

61.    Upon information and belief, Defendants extracted Plaintiff's copyrighted images from their original context and reproduced them in altered, reformatted, recolored, or re-rendered form without accompanying attribution.

62.    Defendants' removal and alteration of Plaintiff's CMI continued after Defendants received notice of Plaintiff's ownership of the copyrighted works and objections to their unauthorized use, including through infringement notices identifying Plaintiff as the copyright owner.

63.    Despite such notice, Defendants continued to distribute and monetize advertisements incorporating Plaintiff's copyrighted works without restoring, including, or otherwise conveying Plaintiff's CMI.

64.    Upon information and belief, Defendants acted with actual knowledge, or at a minimum with reasonable grounds to know, that the removal or alteration of Plaintiff's CMI would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrighted works.

65.    Defendants' continued post-notice distribution of Plaintiff's copyrighted images without accompanying CMI demonstrates knowledge both that CMI had been removed or altered and that such removal or alteration would facilitate ongoing infringement, within the meaning of 17 U.S.C. § 1202(b).

66.    Plaintiff has documented hundreds of instances in which registered images within the Registered Works appeared in advertisements served through Criteo's advertising platform.

67.    Plaintiff has preserved documentary evidence, screenshots, and advertising records reflecting these instances.

68.    The unauthorized association of Plaintiff's copyrighted works and branding with counterfeit or inferior goods has damaged Plaintiff's professional reputation, diluted Plaintiff's

goodwill, and created false associations between Plaintiff and products she does not endorse or approve.

69.    All conditions precedent to the institution of this action and to Plaintiff's entitlement to the relief sought herein have been performed, satisfied, or waived.

**Copyright-Related Facts**

Registered Works 1: Iris Bliss: U.S. Copyright Registration No. VA0002449231

70.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002449231, titled *Iris Bliss* (the "Iris Bliss" Registered Works).

71.    Registration No. VA0002449231 covers multiple original photographic images created by Plaintiff.

72.    United States Copyright Registration No. VA0002449231 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

73.    Upon information and belief, Defendants displayed and distributed unauthorized copies of Iris Bliss in advertisements served and disseminated through Defendants' advertising platform without Plaintiff's authorization.

74.    Upon information and belief, Iris Bliss was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendants' advertising platform.

75.    Upon information and belief, Defendants received multiple Digital Millennium Copyright Act ("DMCA") notices identifying the unauthorized use of Iris Bliss in advertisements served through Defendants' advertising platform.

76.    Upon information and belief, notwithstanding receipt of those notices, Defendants continued to display and distribute advertisements incorporating Iris Bliss through its advertising platform, including at and through the time of filing of this Complaint.

77.    Upon information and belief, the unauthorized use of Iris Bliss occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendants' advertising platform.

Registered Works 2: Gingerbread Kids: U.S. Copyright Registration No. VA0002459794

78.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002459794, titled *Gingerbread Kids* (the "Gingerbread Kids" Registered Works).

79.    Registration No. VA0002459794 covers multiple original photographic images created by Plaintiff.

80.    United States Copyright Registration No. VA0002459794 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

81.    Upon information and belief, Defendants displayed and distributed unauthorized copies of Gingerbread Kids in advertisements served and disseminated through Defendants' advertising platform without Plaintiff's authorization.

82.    Upon information and belief, Gingerbread Kids was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendants' advertising platform.

83.    Upon information and belief, Defendants received multiple DMCA notices identifying the unauthorized use of Gingerbread Kids, in advertisements served through Defendants' advertising platform.

84.    Upon information and belief, notwithstanding receipt of those notices, Defendants continued to display and distribute advertisements incorporating Gingerbread Kids through its advertising platform, including at and through the time of filing of this Complaint.

85.    Upon information and belief, the unauthorized use of Gingerbread Kids occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendants' advertising platform.

Registered Works 3: Harper Anna Hot Pink Dress: U.S. Copyright Registration No.

VA0002464858

86.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464858, titled *Harper Anna Hot Pink Dress* (the "Harper Anna Hot Pink Dress" Registered Works).

87.    Registration No. VA0002464858 covers multiple original photographic images created by Plaintiff.

88.    United States Copyright Registration No. VA0002464858 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

89.    Upon information and belief, Defendants displayed and distributed unauthorized copies of Harper Anna Hot Pink Dress in advertisements served and disseminated through Defendants' advertising platform without Plaintiff's authorization.

90.    Upon information and belief, Harper Anna Hot Pink Dress was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendants' advertising platform.

91.    Upon information and belief, Defendants received multiple DMCA notices identifying the unauthorized use of Harper Anna Hot Pink Dress in advertisements served through Defendants' advertising platform.

92.    Upon information and belief, notwithstanding receipt of those notices, Defendants continued to display and distribute advertisements incorporating Harper Anna Hot Pink Dress through its advertising platform, including at and through the time of filing of this Complaint.

93.    Upon information and belief, the unauthorized use of Harper Anna Hot Pink Dress occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendants' advertising platform.

Registered Works 4: Harper Mint Anna Gown: U.S. Copyright Registration No. VA0002464855

94.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464855, titled *Harper Mint Anna Gown* (the "Harper Mint Anna Gown" Registered Works).

95.    Registration No. VA0002464855 covers multiple original photographic images created by Plaintiff.

96.    United States Copyright Registration No. VA0002464855 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

97.    Upon information and belief, Defendant displayed and distributed unauthorized copies of Harper Mint Anna Gown in advertisements served and disseminated through Defendant's advertising platform.

98.    Upon information and belief, Harper Mint Anna Gown was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendants' advertising platform.

99.    Upon information and belief, Defendants received multiple DMCA notices identifying the unauthorized use of Harper Mint Anna Gown in advertisements served through Defendants' advertising platform.

100.    Upon information and belief, notwithstanding receipt of those notices, Defendants continued to display and distribute advertisements incorporating the *Harper Mint Anna Gown* work through its advertising platform, including at and through the time of filing of this Complaint.

101.    Upon information and belief, the unauthorized use of Harper Mint Anna Gown occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendants' advertising platform.

Registered Works 5: Harper Red Dress: U.S. Copyright Registration No. VA0002464859

102.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464859, titled *Harper Red Dress* (the "Harper Red Dress" Registered Works).

103.    Registration No. VA0002464859 covers multiple original photographic images created by Plaintiff.

104.    United States Copyright Registration No. VA0002464859 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

105.    Upon information and belief, Defendants displayed and distributed unauthorized copies of Harper Red Dress work in advertisements served and disseminated through Defendants' advertising platform without Plaintiff's authorization.

106.    Upon information and belief, Harper Red Dress was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendants' advertising platform.

107.    Upon information and belief, Defendants received multiple DMCA notices identifying the unauthorized use of Harper Red Dress in advertisements served through Defendants' advertising platform.

108.    Upon information and belief, notwithstanding receipt of those notices, Defendants continued to display and distribute advertisements incorporating Harper Red Dress through its advertising platform, including at and through the time of filing of this Complaint.

109.    Upon information and belief, the unauthorized use of Harper Red Dress occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendants' advertising platform.

Registered Works 6: Harper Spring Dress: U.S. Copyright Registration No. VA0002463402

110.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002463402, titled *Harper Spring Dress* (the "Harper Spring Dress" Registered Works).

111.    Registration No. VA0002463402 covers multiple original photographic images created by Plaintiff.

112.    United States Copyright Registration No. VA0002463402 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

113.    Upon information and belief, Defendants displayed and distributed unauthorized copies of Harper Spring Dress in advertisements served and disseminated through Defendants' advertising platform without Plaintiff's authorization.

114.    Upon information and belief, Harper Spring Dress was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendants' advertising platform.

115.    Upon information and belief, Defendants received multiple DMCA notices identifying the unauthorized use of Harper Spring Dress in advertisements served through Defendants' advertising platform.

116.    Upon information and belief, notwithstanding receipt of those notices, Defendants continued to display and distribute advertisements incorporating Harper Spring Dress through its advertising platform, including at and through the time of filing of this Complaint.

117.    Upon information and belief, the unauthorized use of Harper Spring Dress occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendants' advertising platform.

<u>Registered Works 7: Libby Rapunzel: U.S. Copyright Registration No. VA0002464852</u>

118.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464852, titled *Libby Rapunzel* (the "Libby Rapunzel" Registered Works).

119.    Registration No. VA0002464852 covers multiple original photographic images created by Plaintiff.

120.    United States Copyright Registration No. VA0002464852 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

121.    Upon information and belief, Defendants displayed and distributed unauthorized copies of Libby Rapunzel in advertisements served and disseminated through Defendants' advertising platform without Plaintiff's authorization.

122.    Upon information and belief, Libby Rapunzel was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendants' advertising platform.

123.    Upon information and belief, Defendants received multiple DMCA notices identifying the unauthorized use of Libby Rapunzel in advertisements served through Defendants' advertising platform.

124.    Upon information and belief, notwithstanding receipt of those notices, Defendants continued to display and distribute advertisements incorporating Libby Rapunzel through its advertising platform, including at and through the time of filing of this Complaint.

125.    Upon information and belief, the unauthorized use of Libby Rapunzel occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendants' advertising platform.

Registered Works 8: Libby Short Red Dress: U.S. Copyright Registration No. VA0002464857

126.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464857, titled *Libby Short Red Dress* (the "Libby Short Red Dress" Registered Works).

127.    Registration No. VA0002464857 covers multiple original photographic images created by Plaintiff.

128.    United States Copyright Registration No. VA0002464857 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

129.    Upon information and belief, Defendants displayed and distributed unauthorized copies of Libby Short Red Dress in advertisements served and disseminated through Defendants' advertising platform without Plaintiff's authorization.

130.    Upon information and belief, Libby Short Red Dress was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendants' advertising platform.

131.    Upon information and belief, Defendants received multiple DMCA notices identifying the unauthorized use of Libby Short Red Dress in advertisements served through Defendants' advertising platform.

132.    Upon information and belief, notwithstanding receipt of those notices, Defendants continued to display and distribute advertisements incorporating Libby Short Red Dress through its advertising platform, including at and through the time of filing of this Complaint.

133.    Upon information and belief, the unauthorized use of Libby Short Red Dress work occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendants' advertising platform.

**Trademark-Related Facts**

134.    Upon information and belief, Plaintiff owns valid and protectable trademark rights in the names, branding, and visual identifiers associated with Plaintiff's name, business name, photography business, photographic works, and the Registered Works. (collectively, the "Plaintiff's Trademarks").

135.    Plaintiff's Trademarks include, at minimum, the TARA MAPES name and associated brand identifiers used in commerce to identify Plaintiff as the source of professional photography services and licensed photographic works, including source-identifying name and branding elements used by consumers to recognize Plaintiff as the origin of those services and works.

136.    Upon information and belief, Criteo displayed, distributed, and monetized advertisements incorporating Plaintiff's Trademarks in connection with the advertising and promotion of goods offered for sale by third-party merchants through Criteo's advertising platform.

137.    Upon information and belief, Plaintiff's Trademarks incorporated into the advertisements were identical to or substantially indistinguishable from Plaintiff's Trademarks and were used without authorization, consent, or license.

138.    Upon information and belief, Criteo served and monetized advertisements incorporating Plaintiff's Trademarks to promote counterfeit or infringing goods.

139.    Upon information and belief, Criteo's served and monetized advertisements incorporating Plaintiff's Trademarks to promote counterfeit or infringing goods has created a false association between Plaintiff and the advertised products.

### COUNT I – DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

140.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

141.    Plaintiff owns valid and subsisting copyrights in the Registered Works, including registered images within the Registered Works, and all conditions to bringing suit for infringement of those registered works have been satisfied.

142.    Criteo violated Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, distributing, and publicly displaying the Registered Works, including registered images within the Registered Works.

143.    Criteo reproduced, distributed, and publicly displayed the Registered Works by serving advertisements incorporating registered images within the Registered Works through its advertising platform multiple times without Plaintiff's authorization.

144.    Upon information and belief, Criteo's systems ingested, stored, selected, transmitted, and served the advertising creatives incorporating registered images within the Registered Works to users on third-party publisher websites, thereby causing the reproductions, distributions, and public displays complained of herein.

145.    Criteo's actions were undertaken without Plaintiff's permission, license, or consent.

146.    As a direct and proximate result of Criteo's infringement, Plaintiff has suffered and continues to suffer damages.

## COUNT II – REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202)

147.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

148.    Plaintiff's copyrighted photographic works, including registered images within the Registered Works, contained or were conveyed in connection with copyright management information ("CMI"), including Plaintiff's name as author and copyright ownership information, as defined by 17 U.S.C. § 1202(c).

149.    Defendants, without Plaintiff's authority, intentionally removed and/or altered such CMI and knowingly distributed copies of Plaintiff's copyrighted works with CMI removed or altered, in violation of 17 U.S.C. § 1202(b)(1) and (3).

150.    Defendants, without Plaintiff's authorization, intentionally removed and/or altered copyright management information ("CMI") associated with Plaintiff's copyrighted photographic works, and knowingly distributed copies of those works with such CMI removed or altered, within the meaning of 17 U.S.C. § 1202(b)(1) and (3).

151.    Defendants acted with actual knowledge, or at a minimum with reasonable grounds to know, that the removal or alteration of Plaintiff's CMI would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrighted works, including because Defendants continued distributing Plaintiff's copyrighted images without accompanying CMI after receiving notice of Plaintiff's ownership and objections to the unauthorized use.

152.     As a direct and proximate result of Defendants' violations of 17 U.S.C. § 1202, Plaintiff has suffered damages and is entitled to recover statutory damages, actual damages, Defendants' profits, injunctive relief, costs, and attorneys' fees as provided by law.

**COUNT III – WILLFUL COPYRIGHT INFRINGEMENT (17 U.S.C. § 504)**

153.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

154.     Criteo's infringement of Plaintiff's copyrights was willful.

155.     Plaintiff sent multiple DMCA notices to Criteo identifying the infringement of the Registered Works.

156.     Each DMCA notice requested the removal of the infringing creative.

157.     In response to certain infringement notices, Criteo advised Plaintiff that it had disabled only specific URLs, placements, or publisher-page instances associated with infringing advertisements, while leaving the underlying advertising creatives intact within its advertising platform.

158.     In response to other infringement notices, Criteo represented that the infringing advertising creatives themselves had been removed; however, notwithstanding those representations, advertisements incorporating the same Registered Works continued to be served and displayed through Criteo's advertising platform.

159.     Criteo continued to serve advertisements incorporating the Registered Works after receiving multiple notices identifying the infringement and failed to take effective steps to prevent continued unauthorized use.

160.     Criteo profited from the continued dissemination of infringing advertisements despite having actual knowledge of the infringement.

161.    Criteo's willful infringement entitles Plaintiff to enhanced statutory damages under 17 U.S.C. § 504.

### COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

162.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

163.    Upon information and belief, third parties created and submitted advertisements promoting AliExpress and Alibaba that incorporated the Registered Works without authorization.

164.    Criteo had actual knowledge of, or was willfully blind to, the infringing activity.

165.    Criteo received multiple DMCA notices identifying the infringing content.

166.    Despite this knowledge, Criteo materially contributed to the infringing activity.

167.    Criteo materially contributed to the infringement by providing the infrastructure and services through which infringing advertisements incorporating the Registered Works were reproduced, distributed, and publicly displayed.

168.    Criteo's actions facilitated and amplified the infringement by making the infringing content available to a wider audience.

169.    Criteo's continued provision of its advertising platform and services enabled the infringing advertisements to be reproduced, distributed, and publicly displayed.

170.    As a direct and proximate result of Criteo's contributory infringement, Plaintiff has suffered and continues to suffer damages.

### COUNT V – VICARIOUS COPYRIGHT INFRINGEMENT

171.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

172.    Third parties, including advertisers operating under the AliExpress and Alibaba commercial umbrella, directly infringed the Registered Works.

173.    Criteo had the right and ability to supervise or control the infringing activity.

174.    Criteo has the ability to control what content is ingested into its system, stored in its infrastructure, and distributed across its advertising platform.

175.    Criteo has the technical capability to filter, block, or remove infringing content from its ad-serving network.

176.    Criteo has the ability to restrict or terminate access to its advertising platform by advertisers responsible for repeated infringement.

177.    Criteo failed to exercise its supervisory authority to prevent or halt the infringing activity, despite its knowledge of the infringement and its ability to do so.

178.    Criteo received a direct financial benefit from the infringing activity.

179.    Criteo monetizes every impression or click on the advertisements it serves, including the advertisements incorporating the Registered Works.

180.    Criteo's revenue increases with the number of impressions and clicks generated by the advertisements it serves, including advertisements incorporating the Registered Works.

181.    Criteo's receipt of a direct financial benefit from the infringing activity, combined with its right and ability to control that activity, renders it vicariously liable for the infringement.

182.    As a direct and proximate result of Criteo's vicarious infringement, Plaintiff has suffered and continues to suffer damages.

## COUNT VI – VIOLATION OF DMCA § 512(I) - FAILURE TO IMPLEMENT REPEAT INFRINGER POLICY

183.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

184.    Criteo is a service provider that would typically seek safe harbor protection under the DMCA.

185.    To qualify for safe harbor protection under the DMCA, a service provider must adopt and reasonably implement a policy for terminating repeat infringers in appropriate circumstances, as required by 17 U.S.C. § 512(i)(1)(A).

186.    Criteo has failed to adopt and reasonably implement such a policy.

187.    Despite receiving notice identifying unauthorized use of the Registered Works associated with advertisers operating under the AliExpress and Alibaba commercial umbrella, Criteo continued to serve advertisements incorporating the Registered Works through its advertising platform on a repeated and ongoing basis after notice.

188.    Plaintiff provided Criteo with multiple DMCA-compliant notices identifying unauthorized use of the Registered Works in advertisements served through Criteo's advertising platform.

189.    Despite receiving repeated notice, Criteo failed to meaningfully restrict or terminate the advertiser or advertisers responsible for the repeated infringement and continued serving advertisements incorporating the Registered Works through its advertising platform.

190.    Criteo's response to Plaintiff's notices was limited to disabling individual URLs associated with infringing advertisements, without preventing the continued dissemination of infringing content through its advertising platform.

191.    By permitting repeated infringement to continue after notice, Criteo failed to reasonably implement a repeat infringer policy as required by 17 U.S.C. § 512(i).

192.    Criteo's continued serving of the same infringing content after multiple notices demonstrates its failure to implement a repeat infringer policy as required by 17 U.S.C. § 512.

193.    As a result of Criteo's failure to reasonably implement a repeat infringer policy, it is not entitled to safe harbor protection under the DMCA.

194.    Criteo's failure to implement a repeat infringer policy has resulted in continued infringement of Plaintiff's copyrights, causing Plaintiff to suffer damages.

## COUNT VII – FALSE DESIGNATION OF ORIGIN / UNREGISTERED MARK INFRINGEMENT (15 U.S.C. § 1125(a))

195.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

196.    Plaintiff owns valid, legally protectable trademarks used in connection with Plaintiff's photography services, photographic works, and related goods and services.

197.    Plaintiff's trademarks are distinctive and identify Plaintiff as the source of Plaintiff's photography and creative works.

198.    In commerce, Criteo used Plaintiff's Trademarks, or marks and trade dress that were identical or confusingly similar to Plaintiff's Trademarks, by serving advertisements that incorporated Plaintiff's images, branding, and source-identifying visual identifiers.

199.    Consumers encountering the advertisements would reasonably believe that Plaintiff endorsed, sponsored, or was otherwise affiliated with the advertised goods

200.    Criteo used Plaintiff's trademarks by serving advertisements that incorporated Plaintiff's exact images, branding, and visual identifiers to promote AliExpress advertisements.

201.    The advertisements served through Criteo's network promoted goods offered under the AliExpress brand while displaying Plaintiff's trademarks without authorization.

202.    Criteo's use of Plaintiff's trademarks occurred in connection with the advertising, offering for sale, and promotion of goods.

203.    Criteo's use of Plaintiff's trademarks was without Plaintiff's permission, license, or consent.

204.    Criteo's use of marks and trade dress that were identical or confusingly similar to Plaintiff's trademarks was likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the advertised goods, and falsely suggested an association, affiliation, sponsorship, or approval by Plaintiff.

205.    Criteo continued serving advertisements incorporating Plaintiff's trademarks after receiving multiple notices identifying the unauthorized use of those trademarks.

206.    As a direct and proximate result of Criteo's false designation of origin and unregistered mark infringement, Plaintiff has suffered and continues to suffer damages, including loss of goodwill, reputational harm, and damage to the distinctiveness of the Plaintiff's Trademarks.

## COUNT VIII – FALSE ENDORSEMENT (15 U.S.C. § 1125(a))

207.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

208.    Plaintiff has a protectable interest in Plaintiff's identity, persona, brand, and trademarks as a professional photographer.

209.    Criteo used Plaintiff's identity, trademarks, and copyrighted images in commerce in connection with advertisements served through its advertising platform.

210.    Criteo served advertisements promoting AliExpress that incorporated Plaintiff's images, branding, and visual identifiers.

211.    Criteo served and monetized advertisements promoting third-party goods, including AliExpress-branded products which incorporated Plaintiff's images, branding, and visual identifiers.

212.    Criteo's use of Plaintiff's identity and branding in commercial advertising falsely implied that Plaintiff was affiliated with, endorsed, sponsored, or approved the advertised goods.

213.    Criteo's use of Plaintiff's identity and trademarks was likely to cause confusion among consumers as to Plaintiff's sponsorship or approval of the advertised goods.

214.    Consumers viewing the advertisements would reasonably believe that Plaintiff endorsed or was associated with the advertised goods.

215.    Criteo continued serving advertisements incorporating Plaintiff's identity and trademarks after receiving multiple notices identifying the unauthorized use.

216.    As a direct and proximate result of Criteo's false endorsement, Plaintiff has suffered and continues to suffer damages including loss of control over Plaintiff's professional reputation, harm to goodwill, and commercial injury.

## COUNT IX – NEW YORK COMMON LAW UNFAIR COMPETITION

217.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

218.    Plaintiff has protectable property interests in her trademarks, branding, copyrighted works and images, professional reputation, and the goodwill associated with her business.

219.    Criteo engaged in unfair competition under New York common law by misappropriating Plaintiff's property and goodwill for its own commercial advantage.

220.    Specifically, Criteo incorporated Plaintiff's copyrighted images, branding, and distinctive visual identifiers into advertisements served and monetized through its advertising platform to promote third-party goods, including AliExpress-branded products, without authorization.

221.    Criteo's conduct constituted bad-faith misappropriation of Plaintiff's creative works and commercial reputation.

222.    Criteo continued serving advertisements incorporating Plaintiff's works after receiving multiple notices identifying the unauthorized use.

223.    Criteo's misappropriation and conduct was likely to cause public confusion as to the source, sponsorship, or approval of the advertised goods.

224.    By trading on Plaintiff's goodwill and reputation, Criteo unjustly enriched itself and caused harm to Plaintiff's brand value and professional standing.

225.    As a direct and proximate result of Criteo's unfair competition and bad-faith misappropriation, Plaintiff has suffered and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and grant:

A.    A preliminary and permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Criteo from infringing Plaintiff's copyrights, either directly, contributorily, or vicariously, and requiring Criteo to implement effective measures to prevent future infringement, including but not limited to implementing an effective repeat infringer policy and content filtering system.

B.    Actual damages suffered by Plaintiff as a result of Criteo's infringement, together with any profits of Criteo attributable to the infringement, pursuant to 17 U.S.C. § 504.

C.      In the alternative, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. §
504 for each infringed copyrighted work, in an amount of up to $30,000 per work infringed, or up
to $150,000 per work infringed for willful infringement.

D.      Statutory damages pursuant to 17 U.S.C. § 1203(c) for Defendants' removal or
alteration of copyright management information in violation of 17 U.S.C. § 1202, in an amount to
be determined at trial.

E.      Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

F.      Pre-judgment and post-judgment interest to the extent permitted by law.

G.      An award of damages, disgorgement of Defendants's profits, and injunctive relief
pursuant to the Lanham Act, including but not limited to 15 U.S.C. §§ 1116 and 1117.

H.      An award of injunctive and monetary relief under New York common law,
including relief for unfair competition and misappropriation.

I.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

/s/ Michael Jones                                        Dated: February 9, 2026
Michael Jones, Esq.


Jones Intellectual Property
44 Court St #1217,
Brooklyn, NY 11201
845-206-9591
mjones@jonesipl.com

*Attorney for Plaintiff Tara Mapes*